

1526 Gilpin Avenue
Wilmington, Delaware 19806
United States of America
Tel: 302-449-9010
Fax: 302-353-4251
www.devlinlawfirm.com

May 20, 2024

**VIA CM/ECF**

The Honorable Jennifer L. Hall
United States District Court for the District of Delaware
J. Caleb Boggs Federal Building
844 N. King Street
Unit 17, Room 6312
Wilmington, DE 19801-3555

> Re:    *Rembrandt 3D Holding Ltd v. Technovative Media, Inc., et al.*,
> C.A. No. 1:23-cv-00193-JLH

Dear Judge Hall:

The parties write pursuant to this Court's May 16, 2024 order.  The outstanding matters requiring judicial action in this matter are Rembrandt's pending Partial Motion to Dismiss (D.I. 35), SeeCubic's Motion to Disqualify Counsel (D.I. 30), and the protective order disputes from the parties' proposed Stipulated Protective Order (D.I. 29).

**PLAINTIFF'S POSITION**: Plaintiff wants to make the Court aware of important parallel proceedings.  Plaintiffs respectfully request that the Court stay this matter until the Eastern District of Pennsylvania's Bankruptcy Court renders a ruling on a series of motions, set to be heard on June 5, 2024.  *See*, *In re. Stream Tv. Networks Inc. and Technovative Media, Inc.*, Case No. 23-10763-amc.  One of the issues being addressed during the June 5, 2024 hearing, is the necessity of a temporary restraining order already in place to protect Rembrandt's intellectual property rights from Defendants, and whether that temporary restraining order has been violated.  Depending on how the Bankruptcy Court rules, Plaintiff believes that the dispute in this matter may be rendered moot.  As a result, considerations of judicial economy and conservation of the parties' resources suggests that staying this matter until the Bankruptcy Court rules would be prudent.

Plaintiffs would further propose that, should the Court stay this matter and de-list the hearing currently set for May 23, 2024, the parties would promptly provide the court with another status update letter once the Bankruptcy Court has ruled to advise the Court as to whether this matter needs to proceed.

DEVLIN LAW FIRM

May 20, 2024
Page 2 of 2

**SEECUBIC'S POSITION**: Defendant SeeCubic opposes staying this matter. Plaintiff filed this case last February and SeeCubic would like resolution on the ultimate issues in this case.

While a decision by the bankruptcy court at the June 5 hearing could moot certain issues in this litigation, it is unclear exactly what those issues are and Plaintiff fails to identify them with any clarity. While the bankruptcy court could deny Rembrandt's request for a temporary restraining order, it will not be deciding the ultimate issue of whether SeeCubic misappropriated any of Rembrandt's purported trade secrets. Moreover, the bankruptcy court will not be deciding any issues relating to Defendant's counterclaims, such as whether Plaintiff tortiously interfered with SeeCubic's business relations and whether they should be enjoined from doing so in the future.

Therefore, SeeCubic believes that its Motion to Disqualify Counsel (D.I. 30) and the parties' protective order dispute (D.I. 29) are ripe for judicial resolution and should be heard at the hearing on May 23.

*    *    *

The parties are at the Court's disposal, should the Court like to discuss this matter further.

Respectfully submitted,

Andrew DeMarco (No. 6736)

cc:    Clerk of the Court (via CM/ECF)
       All Counsel of Record (via CM/ECF)