# EXHIBIT D

Multi–Media Docs

# U.S. District Court
## District of Delaware (Wilmington)
### CIVIL DOCKET FOR CASE #: 1:22−cv−00276−CJB

| | |
|---|---|
| I−Mab Biopharma v. Inhibrx, Inc. et al<br>Assigned to: Judge Christopher J. Burke<br>Related Case: 1:22−mc−00268−VAC<br>Cause: 18:1836(b) Civil Action to Protect Trade Secrets | Date Filed: 03/01/2022<br>Jury Demand: Plaintiff<br>Nature of Suit: 880 Defend Trade Secrets Act (of 2016)<br>Jurisdiction: Federal Question |

**Plaintiff**

**I−Mab Biopharma**     represented by     **Rodger Dallery Smith , II**
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 351−9205
Email: rdsefiling@mnat.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Anthony David Raucci**
Morris, Nichols, Arsht & Tunnell LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
302−351−9392
Email: araucci@morrisnichols.com
*ATTORNEY TO BE NOTICED*

**Brooke S. Boll**
Email: brooke.boll@sidley.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Ching−Lee Fukuda**
Email: clfukuda@sidley.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Erik B Fountain**
Email: efountain@mckoolsmith.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Gaelle E. Tribie**
Email: gtribie@sidley.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Lauren Simenauer**
Email: lsimenauer@mckoolsmith.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Thomas A. Broughan , III**
Email: tbroughan@sidley.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Timothy Q. Li**
Email: tli@sidley.com

| Date | # | Entry |
|---|---|---|
| 10/14/2024 | 451 | ORAL ORDER: The Court, having reviewed Defendants' motion to modify the Protective Order ("Motion"), (D.I. 411 ), the briefing related thereto, (D.I. 413; D.I. 429; D.I. 433), and having considered the relevant *Pansy* factors (particularly the "interest in privacy" factor, the whether the "information is being sought for a legitimate purpose" factor and the whether the "sharing of information... would promote fairness and efficiency" factor), *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 787 (3d Cir. 1994), hereby ORDERS that the Motion is GRANTED in the manner and for the reasons that follow: (1) With the Motion, Defendants are requesting that the Protective Order ("PO") in the case be modified to permit Dr. Eckelman to review (in the presence of his counsel only) unredacted copies of Dr. Grabstein's expert reports and documents cited therein, and Dr. Roffman's opening report and reply report parts IV and V and documents cited therein. (D.I. 413 at 1) Defendants have shown good cause for this modification for a number of reasons.; (2) Most fundamentally, the Court agrees with the decisions in the four key opinions Defendant cites, *see Jane St. Grp., LLC v. Millenium Mgmt. LLC*, 24 Civ. 2783 (PAE), 2024 WL 3318218, at *1 (S.D.N.Y. June 12, 2024) (citing cases); *Wisk Aero LLC v. Archer Aviation Inc.*, Case No. 21–cv–02450–WHO (DMR), 2022 WL 3754521, at *4 (N.D. Cal. Aug. 30, 2022) (citing cases); *Water Tree Ventures, LLC v. Giles*, Case No. 3:18cv1421–MCR–HTC, 2019 WL 13162408, at *3–4 (N.D. Fla. Apr. 26, 2019) (citing cases); *Mobilitie Mgmt., LLC v. Harkness*, Case No. 1:16–cv–04396, 2018 WL 7858685, at *3 (N.D. Ga. July 10, 2018) (citing cases), which all essentially conclude that defendants who are alleged to have engaged in trade secret misappropriation should be permitted to review the core trade secret material they purportedly accessed/misused, at some point prior to trial, so that they are given a fair opportunity to prepare a defense for trial and intelligently respond to the evidence against them. (D.I. 413 at 1–2) In contrast, Plaintiff cited to no court decision where, in a similar circumstance, a court took a position like the one Plaintiff puts forward here (i.e., that a defendant like Dr. Eckelman should not be permitted to view the trade secrets at issue at any point in the case up until the trade secrets are referenced or displayed at the trial itself). (D.I. 429); (3) Of course, Plaintiff has an important interest in limiting Defendants' exposure to the trade secret data at issue. And the Court acknowledges that any new access that Dr. Eckelman is permitted creates some future risk to Plaintiff (even though, at least under Plaintiff's theory of the case, Dr. Eckelman has already seen this trade secret material previously). *See Wisk Aero*, 2022 WL 3754521, at *5. But pursuant to the terms of the PO, Plaintiff has successfully restricted Dr. Eckelman from having such access for nearly the entirety of this two–plus–year–case. Had the case settled at any point prior to the cusp of trial, that protection would have gone undisturbed. Now, however, with trial imminent and with Plaintiff having called Dr. Eckelman as a witness, the Court will permit the requested access as described below––i.e., for a time period that will amount to about two and a half weeks. That temporal limitation on access, along with the limitation that Dr. Eckelman only be permitted to view the material with counsel and the other limitations referenced below, will serve to fairly balance all of the relevant interests here.; (4) As to Plaintiff's point that the parties agreed to the PO (and its restriction on Dr. Eckelman's access) at the beginning of this case––and that a modification would upend those expectations, (D.I. 429 at 1–2)––there is something to that argument. But on the other hand, Plaintiff had to expect that at some point prior to trial, a defendant charged with trade secret misappropriation (and facing whatever professional and personal consequences a |

|  |  | liability verdict would entail––to say nothing of the substantial amount of monetary damages being sought in the case), would seek to and get to actually see the key evidence that is going to be used against him. In other words, even in light of the PO's execution at the outset of the case, Defendants' recent request should not have come as a great surprise to Plaintiff (as the cases cited above, and the many cases they in turn cite to, would suggest).; and (5) Thus, the proposed order will be GRANTED, with the additional conditions that (to the extent they were not already contemplated by the order): (a) Dr. Eckelman may make use of the material only as to this case; (b) he may not take notes on the material nor retain any copies of the material; and (c) the access will only be permitted to begin on October 17, 2024 and will end at the conclusion of the upcoming trial or the conclusion of this case, whichever comes sooner. *Cf. Wisk Aero*, 2022 WL 3754521, at *5. Ordered by Judge Christopher J. Burke on 10/14/2024. (mlc) (Entered: 10/14/2024) |
|---|---|---|