IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| REMBRANDT 3D HOLDING LTD.,<br><br>    Plaintiff,<br><br>v.<br><br>TECHNOVATIVE MEDIA, INC. HAWK INVESTMENT HOLDINGS LTD., AND SEECUBIC, INC.,<br><br>    Defendants. | C.A. No. 23-193-JLH<br><br>**JURY TRIAL DEMANDED** |

## DEFENDANT SEECUBIC, INC.'S NOTICE OF SUBSEQUENT FACT

Pursuant to D. Del. Local Rule 7.1.2(b), Defendant SeeCubic, Inc. ("SeeCubic") respectfully submits this Notice of Subsequent Fact in support of its Objection to Magistrate Judge Fallon's Oral Order dated November 13, 2024 (D.I. 78) (the "Objection").

On November 25, 2025, the same day that SeeCubic filed the Objection, Plaintiff Rembrandt 3D Holding Ltd. ("Rembrandt") served its Response to Defendant SeeCubic, Inc.'s First Set of Requests for Admission to Plaintiff (Nos. 1-8), which included the following "denials" concerning the alleged knowledge of Rembrandt's purported trade secrets from SeeCubic's Chief Executive Officer, Shadron Stastney:

> **REQUEST NO. 4:** Admit that Mr. Shadron Stastney did not have knowledge of all the purported trade secrets identified in Your Trade Secret Disclosure at the time of filing the Complaint.
>
>     **Response:** Denied. Rembrandt has insufficient particularized information to admit; therefore this request is denied.
>
> **REQUEST NO. 5:** Admit that Mr. Shadron Stastney does not have knowledge of the purported trade secrets that You marked as Attorneys' Eyes Only in Your Trade Secret Disclosure.
>
>     **Response:** Denied. Rembrandt has insufficient particularized information to admit; therefore this request is denied.

*See* Ex. A at 5.

1

In other words, despite telling the Court that Mr. Stastney "never had any specific knowledge" of the 175 trade secrets listed in its Trade Secret Disclosures when it was seeking to deny Mr. Stastney access to those disclosures (D.I. 72 at 3-4), Rembrandt served a party admission two weeks later attesting that it does not know for certain whether Mr. Stastney has such knowledge and that it needs discovery to find out. SeeCubic submits that the best way to uncover what Mr. Stastney knows or does not know is to allow him limited access to the Trade Secret Disclosures under the Protective Order.

Pursuant to the Standing Order for Objections Filed Under Fed. R. Civ. P. 72, counsel certifies that good cause exists for the Court's consideration of these new facts as they were not available at the time SeeCubic submitted its briefing on the parties' protective order dispute (D.I. 71).

Should the Court have any questions, counsel remains available at the Court's convenience.

GREENBERG TRAURIG, LLP

*/s/ Renée Mosley Delcollo*
Benjamin J. Schladweiler (#4601)
Lisa M. Zwally (#4328)
Renée Mosley Delcollo (#6442)
222 Delaware Avenue, Suite 1600
Wilmington, DE 19801
(302) 661-7000
schladweilerb@gtlaw.com
lisa.zwally@gtlaw.com
renee.delcollo@gtlaw.com

*Attorneys for Defendant SeeCubic, Inc.*

Dated: March 27, 2025