# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| REMBRANDT 3D HOLDING LTD., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>TECHNOVATIVE MEDIA, INC. HAWK )<br>INVESTMENT HOLDINGS LTD., AND )<br>SEECUBIC, INC., )<br>)<br>Defendants. ) | C.A. No. 23-193-JLH-SRF |

## DEFENDANT SEECUBIC INC.'S REPLY
## IN SUPPORT OF MOTION TO COMPEL

Benjamin J. Schladweiler (#4601)
Lisa M. Zwally (#4328)
Renée Mosley Delcollo (#6442)
GREENBERG TAURIG, LLP
222 Delaware Avenue, Suite 1600
Wilmington, DE 19801
(302) 661-7000
schladweilerb@gtlaw.com
lisa.zwally@gtlaw.com
renee.delcollo@gtlaw.com

*Attorneys for Defendant SeeCubic, Inc.*

DATED: May 14, 2025

Dear Judge Fallon:

Pursuant to the Court's Oral Order (D.I. 99), we write to address the Joint Defense and Common Interest Agreement ("Agreement") attached to Rembrandt's Letter (D.I. 97, Ex. C).

Although Rembrandt claimed in its RFP responses that "***Rembrandt and Stream*** are parties to . . . common interest agreements" (D.I. 95, Ex. 3), Rembrandt has (belatedly) only produced a single common interest agreement and Stream is not a party to that Agreement. Rather, the Agreement attached to Rembrandt's response is between Rembrandt and Visual Technology Innovations, Inc. ("VTI"), who is described as a "shareholder of Stream" in the 2023 Licensing Covenant (D.I. 96). Paragraph 12 of the Agreement expressly states that "[t]his Agreement is not intended to, and shall not, create rights in any person or entity not a Party hereto," which, by definition, would exclude Stream from its protections. (D.I. 97, Ex. C). Rembrandt fails to explain how the Agreement protects communications between Rembrandt and Stream.

Even if Agreement did apply to communications with Stream (which it does not), it would not protect the communications between Rembrandt and Stream prior to May 23, 2021, the date the Agreement was executed. Thus, the Agreement does not protect any of the communications at-issue between Rembrandt and Stream leading to the signing of the May 23, 2021 Settlement Agreement, to which VTI was not a party. (D.I. 1, Ex. 2). This makes sense because prior to the dismissal of the SDNY Action on May 25, 2021, Rembrandt and Stream were litigation adversaries and the communications at issue were purportedly an effort to resolve that litigation. (D.I. 95, Ex. A). *In re Cote d'Azur Est. Corp.*, 2022 WL 17574747, at *12 (Del. Ch. Dec. 12, 2022) ("When parties are engaged in adversarial negotiation, they do not share a common interest").

For several reasons, the Agreement also does not protect other communications between Rembrandt, Stream and/or VTI leading to the execution of the Settlement Agreement, the Settlement Amendment, or the Licensing Covenant. (D.I. 1, Ex. 2; D.I. 95, Ex. 2; D.I. 96). **First**, these agreements were the product of adversarial negotiations, and therefore, the common interest does not apply. **Second**, the Agreement is silent as to *what* the common interest is, which negates any common interest privilege. Although the Agreement mentions a "Joint Defense" and claims that Rembrandt and VTI "agree that their defense and representation of the Parties generally involves legal issues that are mutually important to the Parties" (D.I. 97, Ex. C), SeeCubic is not aware of any litigation involving VTI and Rembrandt as of May 23, 2021, when the Agreement was signed, in which Rembrandt and VTI were joint defendants. To the extent this was a reference to the involuntary bankruptcy involving Stream that Rembrandt initiated the next day (May 24, 2021) to which VTI was not a party or co-defendant, that proceeding was dismissed as a bad faith filing (D.I. 27, ¶¶45, 47-48), and the common interest privilege does not protect communications made in preparation for bad-faith litigation as those communications would be in furtherance of a fraud on the court. Moreover, the stated interest of "legal issues that are mutually important" is vague and fails to identify what the common legal interest was. **Third**, although VTI signed the 2023 Settlement Amendment, VTI is not a party to it. (D.I. 95, Ex. 2 (listing only Rembrandt, Stream, and the Rajans as "Parties")). Similarly, Rembrandt, Stream and VTI were all "Parties" in the Licensing Covenant. (D.I. 96). Therefore, any communications leading to the execution of these documents that involved Stream (as a non-party to the Agreement and as someone outside the purported common interest) cannot be protected. **Fourth**, as discussed in the Opening Letter, any privilege that existed has been waived.

The Honorable Sherry R. Fallon
May 14, 2024
Page 2

                                                    Respectfully,

                                                    Benjamin J. Schladweiler (#4601)

cc: All Counsel of Record via CM/ECF